IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOCAL 2209, UNITED AUTOMOBILE, ) <br> AEROSPACE AND AGRICULTURAL ) <br> IMPLEMENT WORKERS OF AMERICA ) <br> ) <br> Defendant. ) | Civil Action <br><br> No. 1:21-cv-00132 |

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, alleges as follows:

### NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA or Act), 29 U.S.C. §§ 481-483, for a judgment declaring that the July 16-17, 2020 election of union officers conducted by Local 2209, United Automobile, Aerospace and Agricultural Implement Workers of America (Defendant) for the office of Unit I Chairperson is void and directing the Defendant to conduct a new election for the office of Unit I Chairperson under Plaintiff's supervision, and for other appropriate relief.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. This Court may exercise personal jurisdiction over defendant because

defendant maintains its principal office in this district.

4. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Martin J. Walsh is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

6. Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office in the County of Huntington, Indiana, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

7. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

8. At all relevant times, Defendant was governed by the Constitution of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW, adopted at the 37th UAW Constitutional Convention, June, 2018 (UAW Constitution).

9. The UAW Constitution, Article 38, Section 3, provides: "No member shall be eligible for election as an Executive Officer of the Local Union until s/he has been a member in continuous good standing in the Local Union for one (1) year immediately prior to the nomination, except in the case of a newly organized Local

Union."

10. The UAW Constitution, Article 38, Section 4 provides: "Eligibility for election to other Local Union offices, committees, etc., shall be determined by the Local Union."

11. At all relevant times, Defendant had no mandatory pre-election protest procedures for its union officer elections.

12. The UAW Constitution, Article 38, Section 11, provides in part: "No protest to an election shall be considered unless raised within seven (7) days of the closing of the polls or at the next membership meeting, whichever is later. A protest must either be in writing, or made at the membership meeting. If written, the protest must be actually received by the Local Union Recording Secretary before the deadline. . . . The protest will be directed to the Local Executive Board, which shall rule on the protest within thirty (30) days after receipt."

13. The UAW Constitution, Article 38, Section 12, provides in part: "Any appeal from a decision of the membership refusing to order a new election shall be taken in the usual manner pursuant to Article 33, and the members elected as the result of the election being appealed from shall hold office during the pendency of the appeal and until otherwise directed by a superior appellate body."

14. The UAW Constitution, Article 33, Section 1, provides in part: "Any subordinate body or member thereof shall have the right under this Article to appeal any action, decision, or penalty by any of the following . . . (c) A Local Union, or any of its units, committees, officers, committeepersons or stewards . . . ."

15. The UAW Constitution, Article 33, Section 2(a), provides in part: "The normal route of appeal is: FIRST, to the membership or delegate body immediately responsible for the official, officer, action or decision under challenge; SECOND, to the International Executive Board, unless the appeal begins there; and THIRD, to the Convention Appeals Committee or Public Review Board, as may be appropriate. This normal route of appeal shall be followed in all cases, except where this Constitution makes specific provision for an alternate route of appeal."

16. At all relevant times, Defendant was governed by the UAW Local 2209 Bylaws, updated March 17, 2019 (Bylaws).

17. Defendant's Bylaws, Article 9, Section 7, provide in part: "No member shall be eligible for election as a Local Union Committeeperson until they have been a member in continuous good standing in the Local Union for at least six (6) months prior to the date of their nomination. Further, said member must be assigned to the district they wish to represent."

18. Defendant has approximately 4,500 active and 2,500 retired members.

19. At all relevant times, Michael Turner was a member in good standing of Defendant.

20. Defendant represents employees at seven employers. The seven employers are associated with unit numbers: General Motors (GM) Assembly Plant (Roanoke, IN), Unit I; General Motors Nurses (Roanoke, IN), Unit II; Caravan Facilities Management (Roanoke, IN), Unit III; Android Industries (Roanoke, IN), Unit IV; Android Maintenance (Roanoke, IN), Unit V; RUAN Trucking (Fort Wayne,

IN), Unit VI; and Avancez (Roanoke, IN), Unit VII.

21. Unit I, the GM Assembly Plant in Roanoke, Indiana, is also known as the Fort Wayne Assembly Plant.

22. Approximately 4,192 of Defendant's members are employed at Unit I, the GM Fort Wayne Assembly Plant.

23. Turner was employed at Unit I, the GM Fort Wayne Assembly Plant, for 25 years prior to his termination on or about April 26, 2019.

24. GM terminated Turner for allegedly falsifying a weld check sheet.

25. On or about May 2, 2019, Turner filed a grievance with regard to his termination, pursuant to the applicable collective bargaining agreement.

26. From March 9, 2020 onward, Turner's grievance was pending at Step 4 of the grievance and arbitration process and was being handled at the international union level of the United Automobile, Aerospace and Agricultural Implement Workers of America (International).

27. Unit I, the GM Fort Wayne Assembly Plant, has a "Shop Committee," also referred to as the "Bargaining Committee."

28. The Unit I Bargaining Committee consists of the Unit I Shop Chairperson, three (3) Unit I Zone Committeepersons, and twelve (12) District Committeepersons.

29. The "Unit I Shop Chairperson" is also referred to as the "Unit I Chairperson."

30. The Unit I Chairperson represents all Districts at Unit I.

31. The Executive Board of Defendant is composed of the President, Vice President, Financial Secretary-Treasurer, Recording Secretary, three Trustees, Sergeant-at-Arms, Guide, a retired member representative, seven Unit Chairpersons, including the Unit I Chairperson, and three Zone Committeemen.

32. Elected positions with Defendant that do not sit on the Executive Board include twelve District Committeepersons, twelve District Alternate Committeepersons, nine Unit Committeepersons for Units III, IV, and VII, and two Unit Alternate Committeemen for Units III and IV.

33. On or before February 12, 2020, Defendant scheduled its next election of Executive Board officers and other elected positions for May 14-15, 2020 (the 2020 election).

34. On or about February 12, 2020, Defendant mailed a combined nomination and election notice (February 2020 notice) to its members. Defendant also posted the February 2020 notice at the GM Assembly Plant and other locations that employ Defendant's members.

35. The February 2020 notice provided in part, "**WHO MAY RUN: ARTICLE 38, SECTION 3** of the International Union UAW Constitution states 'No member shall be eligible for election as an **Executive Officer** of the Local Union until s/he has been a member in **continuous good standing** in the Local Union for **one (1) YEAR** immediately prior to the nomination.'"

36. The February 2020 notice further provided, "**ARTICLE 9, SECTION 7 OF THE UAW LOCAL 2209 BYLAWS** states: 'No member shall be eligible for

6

election as a Local Union Committeeperson Until they have been a member in continuous good standing in the Local Union for at least **six (6) MONTHS** prior to the date of their nomination. Further, said member must be assigned to the District they wish to represent.'"

37. On February 24, 2020, Turner sent a letter to Defendant's Election Committee that said, in part, "I wish to clarify and insure my rights to vote for and seek an Executive Officer position defined as Executive positions under the LMRDA."

38. Turner's letter also said, "As a current member of the Unit 1 Bargaining Unit with an active grievance being arbitrated. I and other members in the same situation should be afforded our right to vote for and seek the office of Unit 1 Shop Chairperson."

39. Defendant's Election Committee did not respond to Turner's February 24, 2020 letter prior to March 2, 2020.

40. From March 2 to 10, 2020, Defendant conducted nominations for the 2020 elections; members submitted their nomination and acceptance forms at Defendant's union hall between 6:30 a.m. and 3:30 p.m.

41. By form dated March 9, 2020, Turner nominated himself for the position of Unit I Chairperson in the 2020 election.

42. Turner was not nominated for any other office in the 2020 election.

43. On March 9, 2020, Turner wrote another letter to Defendant's Election Committee that said, in part, "A discharged member with an active grievance as I stated before is still a Member of the bargaining Unit; not a Member on layoff or a

Retiree. A Member who is discharged is technically an employee whom is under a protested disciplinary action until the pending final arbitration or litigation is resolved."

44. Defendant's Election Committee was responsible for verifying the eligibility of nominees for the 2020 election.

45. On or about March 12, 2020, Defendant's Election Committee wrote a letter to Turner that said, in part, "We are sending this letter to inform you that according to the UAW/GM National Agreement Paragraph 17 you are not eligible to run for Shop Chairman."

46. The UAW/GM National Agreement referenced in the Election Committee's March 12, 2020 letter is the collective bargaining agreement between the International and General Motors, dated October 25, 2015, and effective November 23, 2015 (CBA).

47. Paragraph 17 of the CBA states: "Individuals shall not be eligible to serve as committeepersons unless they are employees and until their names have been placed on the seniority list and they are working in the plant."

48. The March 12, 2020 letter from Defendant's Election Committee also states:

> Article 45
> Stewards and Committeepersons
> Section 1
> Eligibility for Committeeperson as Affected by Unlawful Discharge
>
> Where a Committeeperson is discharged by management and her/his

> grievance is pending, s/he remains a member of her/his Local and unit and, if otherwise eligible, may run for re-election or other office in such unit or Local or for Convention Delegate. And where pending the outcome of her/his grievance s/he finds temporary employment elsewhere her/his membership in her/his original Local is not affected and s/he need not transfer to the Local having jurisdiction over her/his new workplace. The new Local should issue her/him a work permit."

49. The March 12, 2020 letter from Defendant's Election Committee further states, "This article is applicable only to current Stewards and Committeepersons and you are not elected to either of those positions. This language in the Constitution is derived from management attempting to manipulate union representation throughout the UAW. However, you are neither a Steward nor a committeeperson and were not terminated as a result of actions you took in an official capacity. Therefore it is the decision of the Election Committee Chairpersons that you are ineligible to run for Shop Chairman at UAW Local 2209 at this time."

50. The UAW Constitution, Article 45, Section 1, provides: "The Bargaining Committee may but does not necessarily have to consist of the members of the Executive Board of the Local Union."

51. The written constitutional interpretation adopted by the International Executive Board regarding UAW Constitution, Article 45, Section 1, provides:

> ARTICLE 45
> **Stewards and Committeepersons**
>
> SECTION 1
> **(1) Eligibility for Committeeperson as Affected by Unlawful Discharge**

> Where a Committeeperson is discharged by management and her/his grievance is pending, s/he remains a member of her/his Local and unit and, if otherwise eligible, may run for re-election or other office in such unit or Local or for Convention Delegate. And where pending the outcome of her/his grievance s/he finds temporary employment elsewhere her/his membership in her/his original Local is not affected and s/he need not transfer to the Local having jurisdiction over her/his new workplace. The new Local should issue to her/him a work permit.
> (Detroit, 1/22/46, Pages 177-178.)
>
> **(2) Eligibility of Retired Members to Run for Local Union Offices**
>
> Retired members are ineligible to run for any local union position which carries responsibility for grievances and/or bargaining required by the Collective Bargaining Agreement(s) or local union bylaws. (Las Vegas, 6/1/02).

52. Prior to the 2020 election, the International adopted, at its June 2018 Constitutional Convention, the written constitutional interpretation adopted by the International Executive Board regarding UAW Constitution, Article 45, Section 1.

53. On or before May 14, 2020, Defendant rescheduled the 2020 election to July 16-17, 2020.

54. On or about June 26, 2020, Defendant mailed a new election notice (June 2020 notice) to its members.

55. The June 2020 notice provided, in part, "**WHO MAY RUN: ARTICLE 38, SECTION 3** of the International Union UAW Constitution states 'No member shall be eligible for election as an **Executive Officer** of the Local Union until s/he has been a member in **continuous good standing** in the Local Union for **one (1) YEAR** immediately prior to the nomination.'"

10

56. The June 2020 notice further provided, "**ARTICLE 9, SECTION 7 OF THE UAW LOCAL 2209 BYLAWS** states: 'No member shall be eligible for election as a Local Union Committeeperson Until they have been a member in continuous good standing in the Local Union for at least **six (6) MONTHS** prior to the date of their nomination. Further, said member must be assigned to the District they wish to represent.'"

57. Defendant conducted the voting for the 2020 election by in-person voting on July 16-17, 2020.

58. The 2020 election was Defendant's regular triennial election of officers.

59. Defendant did not list Turner as a candidate on the ballot for the 2020 election.

60. Rick LeTourneau won the position of Unit I Chairperson by a margin of 1,001 votes in the 2020 election.

61. On July 17, 2020, Turner submitted a written election protest to the Recording Secretary of Defendant regarding the 2020 election.

62. Defendant never issued a decision on Turner's July 17, 2020 election protest.

63. By letter dated July 31, 2020, Defendant's Recording Secretary informed Turner, "your appeal of the UAW Local 2209 Triennial Election has been forwarded to the UAW International President's Office for consideration today, July 31."

64. By letter dated August 27, 2020, the International informed Turner, "This will acknowledge receipt of your letter, postmarked July 31, 2020, requesting

11

to appeal the notification of polling area to discharged members, local union administration of Facebook groups and denial of right to appeal. Although the proper appellate protocol was not followed as specified in the UAW International Constitution, no useful purpose would be served to reprimand your protest back to the local union. You will be notified in due time by this office of the action to be taken on your appeal."

65. The International did not issue a decision on Turner's July 17, 2020 election protest prior to October 17, 2020.

66. Having exhausted the remedies available without receiving a final decision for three calendar months after his July 17, 2020, invocation, Turner timely filed his complaint with the Secretary of Labor on November 9, 2020, within the one calendar month required by section 402(a)(1) of the Act. 29 U.S.C. § 482(a)(1), (2).

67. By letter signed November 30, 2020, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to January 12, 2021.

68. By letter signed December 8, 2020, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to February 12, 2021.

69. By letter signed January 14, 2021, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to March 5, 2021.

70. By letter signed February 11, 2021, Defendant agreed that the time

within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to March 19, 2021.

71. By letter signed March 1, 2021, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to April 2, 2021.

## COUNT 1
### 29 U.S.C. § 481(e)

72. Paragraphs 1-71 are realleged and incorporated herein by reference.

73. Section 401(e) of the Act, 29 U.S.C. § 481(e), states that: "In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) . . . ."

74. Defendant violated section 401(e) of Act during the conduct of its 2020 election when it applied one or more candidate qualifications that were unreasonable because they were not specifically and objectively contained in Defendant's applicable constitutions or bylaws, not uniformly applied, not otherwise consistent with the LMRDA and denied Turner, a member in good standing of Defendant, the right to be a candidate for Unit I Chairperson.

75. The above violations of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the election for the office of Unit I Chairperson in Defendant's July 16-17, 2020, election.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against Defendant as follows

    (a)  declaring Defendant's election for the office of Unit I Chairperson to be void;

    (b) directing Defendant to conduct a new election for the office of Unit I Chairperson under the supervision of Plaintiff;

    (c)  for the costs of this action; and

    (d)  for such other relief as may be appropriate.

    Respectfully submitted,

MARTIN J. WALSH
Secretary of Labor
United States Department of Labor

BRIAN M. BOYNTON
Acting Assistant Attorney General

GARY T. BELL
Acting United States Attorney

By:

/s/ Kathleen Trzyna
KATHLEEN TRZYNA
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana  46320
Telephone:  219-937-5515
Email Address:  Kathleen.Trzyna@usdoj.gov

/s/ Wayne T. Ault
WAYNE T. AULT
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana  46320
Telephone:  219-937-5500
Telecopy:  219-852-2770
Email Address:  Wayne.Ault@usdoj.gov

Counsel for Plaintiff Department of Labor

OF COUNSEL:

ELENA S. GOLDSTEIN
Deputy Solicitor

BEVERLY DANKOWITZ
Associate Solicitor

ELEANORE I. SIMMS
Counsel for Labor-Management Policy

SAMUEL I. DePRIMIO
Attorney

U.S. Department of Labor