IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, )<br>United States Department of Labor, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOCAL 2209, UNITED AUTOMOBILE, )<br>AEROSPACE AND AGRICULTURAL )<br>IMPLEMENT WORKERS OF AMERICA )<br>)<br>Defendant. ) | Civil Action<br><br>No. 1:21-cv-00132 |

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff, Martin J. Walsh, Secretary of the United States Department of Labor ("Secretary" or "Plaintiff"), by and through Gary T. Bell, Acting United States Attorney, Kathleen T. Trzyna, Assistant United States Attorney, having filed his complaint and Defendant, Local 2209, United Automobile, Aerospace and Agricultural Implement Workers of America, ("Local 2209" or "Defendant") having appeared by counsel, and in order to resolve this action without the necessity of further litigation, the parties stipulate and agree as follows:

1. Plaintiff brought this action on April 2, 2021, under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 481-483), hereinafter referred to as the Act, requesting a judgment declaring that

Local 2209's election for the office of Unit I Chairperson, which was concluded on July 17, 2020 ("July 2020 election"), be declared void and requesting that a new election for that office be conducted under the supervision of Plaintiff.

2. Plaintiff alleged that violations of Title IV of the Act (29 U.S.C. § 481, *et seq*.) had occurred and had not been remedied at the time of the institution of this action.

3. Local 2209 denies the violations alleged in this action.

4. Plaintiff and Defendant (collectively "the parties") agree that it is in the parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The parties agree to the entry of this Stipulation and Order without trial or further adjudication of any issues of fact or law raised in the Secretary's Complaint.

5. The parties agree to entry of an Order directing that Local 2209 will conduct a new election under the supervision of the Secretary, for the office of Unit I Chairperson, to be completed no later than July 17, 2021, unless the Secretary, in his sole discretion, determines that nominations must be reopened in accordance with paragraph 7, below, or the parties mutually agree to a later date.

6. The supervised election shall be conducted in accordance with Title IV of the LMRDA (29 § U.S.C. 481, *et seq*.) and, insofar as lawful

and practicable, and except as otherwise provided herein, in accordance with Local 2209's bylaws, and the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") Constitution.

7. The parties agree that for the supervised election of Unit I Chairperson, the parties will reassess the eligibility of candidates nominated for the Unit I Chairperson position in the July 2020 election, including those candidates' willingness and availability to run, and that new nominations shall not be conducted unless those eligibility determinations result in an uncontested race for Unit I Chairperson.

8. It is further stipulated that:

   a. All decisions as to the interpretation or application of Title IV of the LMRDA, the UAW Constitution, and Local 2209's bylaws relating to the supervised election are to be determined by the Secretary and his decision shall be final, subject to challenge in this Court. However, Local 2209's proposed interpretation or application of the UAW Constitution and its bylaws shall be considered by the Secretary and given appropriate weight.

   b. Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Secretary's designated election supervisor no later than 10 days after the

completion of the ballot tally. In the event a violation affecting outcome occurs and cannot be remedied, the Secretary shall conduct a rerun of the supervised election.

c. The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, the Secretary will promptly certify to the Court the name of the person elected to serve as the Unit I Chairperson of Local 2209 for the remainder of the current term. *See* 29 U.S.C. § 482(c).

d. The Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the LMRDA and, insofar as lawful and practicable, except as otherwise provided herein, in accordance with the provisions of the Defendant's constitutions and bylaws.

e. Upon approval of the certification, the Court shall enter a final judgment declaring that such person has been elected as shown by the certification.

f. Each party shall bear its own fees, costs and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

The effective date of this Stipulation of Settlement and Order is the date the Court enters the Decree.

We so agree,

GARY T. BELL
Acting United States Attorney

By:

/s/ Kathleen Trzyna
KATHLEEN TRZYNA
Assistant United States Attorney
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana  46320
Telephone:  219-937-5515
Email Address:  Kathleen.Trzyna@usdoj.gov

LOCAL 2209, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL
IMPLEMENT WORKERS OF AMERICA,

By its counsel:
MACEY SWANSON HICKS & SAUER

/s/ Robert A. Hicks
Robert A. Hicks, Attorney No. 23510-49
Attorney for Plaintiffs
445 N. Pennsylvania Street, Suite 401
Indianapolis, IN 46204-1800
Phone: (317)637-2345
Fax:  (317)637-2369
E-mail: rhicks@maceylaw.com

Dated:     May 26, 2021

**SO ORDERED.**

Dated:    June _____, 2021

                                                    _____
                                                    **United States District Judge**