**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, ) <br> United States Department of Labor, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOCAL 2209, UNITED AUTOMOBILE, ) <br> AEROSPACE AND AGRICULTURAL ) <br> IMPLEMENT WORKERS OF AMERICA, ) <br> ) <br>     Defendant. ) | Cause No. 1:21-CV-132-HAB |

**ORDER**

This matter comes before the Court on the parties' Stipulation of Settlement and Order (ECF No. 4), filed on May 27, 2021. Having reviewed the filings in this case, the Court orders as follows:

1.    The Secretary brought this action on April 2, 2021, under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C. §§ 481-483) (the "Act") requesting a judgment declaring that Local 2209's election for the office of Unit I Chairperson, which was concluded on July 17, 2020 (the "July 2020 election"), be declared void and requesting that a new election for that office be conducted under the supervision of Plaintiff. (*See* ECF No. 1).

2.    The Secretary alleged that violations of Title IV of the Act (29 U.S.C. § 481, et seq.) had occurred and had not been remedied at the time of the institution of this action.

3.    Local 2209 denies the violations alleged in this action.

4.    Plaintiff and Defendant (collectively "the parties") agree that it is in the parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The

parties agree to the entry of an Order without trial or further adjudication of any issues of fact or law raised in the Plaintiff's Complaint.

5.      Local 2209 is ordered conduct a new election under the supervision of the Secretary, for the office of Unit I Chairperson, to be completed no later than July 17, 2021, unless the Secretary, in his sole discretion, determines that nominations must be reopened in accordance with paragraph 7, below, or the parties mutually agree to a later date.

6.      The supervised election shall be conducted in accordance with Title IV of the Act and, insofar as lawful and practicable, and except as otherwise provided herein, in accordance with Local 2209's bylaws, and the United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW") Constitution.

7.      As part of the supervised election of Unit I Chairperson, the parties shall reassess the eligibility of candidates nominated for the Unit I Chairperson position in the July 2020 election, including those candidates' willingness and availability to run. New nominations shall not be conducted unless those eligibility determinations result in an uncontested race for Unit I Chairperson.

8.      It is further ordered that:

a.      All decisions as to the interpretation or application of Title IV of the Act, the UAW Constitution, and Local 2209's bylaws relating to the supervised election are to be determined by the Secretary and his decision shall be final, subject to challenge in this Court. However, Local 2209's proposed interpretation or application of the UAW Constitution and its bylaws shall be considered by the Secretary and given appropriate weight.

2

b.  Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Secretary's designated election supervisor no later than 10 days after the completion of the ballot tally. In the event a violation affecting outcome occurs and cannot be remedied, the Secretary shall conduct a rerun of the supervised election.

c.  The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, the Secretary shall promptly certify to the Court the name of the person elected to serve as the Unit I Chairperson of Local 2209 for the remainder of the current term. See 29 U.S.C. § 482(c).

d.  The Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the Act and, insofar as lawful and practicable, except as otherwise provided herein, in accordance with the provisions of the Defendant's constitutions and bylaws.

e.  Upon approval of the certification, the Court will enter a final judgment declaring that such person has been elected as shown by the certification.

f.  Each party shall bear its own fees, costs and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

SO ORDERED on June 3, 2021.

s/ Holly A. Brady_____
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT